IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DASHALAHN BROWN,

            Plaintiff,    :    Case No. 3:21-cv-190

                                  District Judge Thomas M. Rose
- vs -                                Magistrate Judge Michael R. Merz

WRIGHT PATTERSON AIR FORCE
BASE SENSORS DIRECTORATE
AFRE/RY, *et al.,*

           Defendants.    :

## REPORT AND RECOMMENDATIONS

This case, brought *pro se* by Plaintiff Dashalahn Brown, is before the Court on Motion to Dismiss of Defendant XPO Logistics, Inc. (ECF No. 13). The Motion asserts Plaintiff has failed to state a claim against XPO upon which federal relief can be granted and that the Court lacks jurisdiction over the case. Plaintiff was duly notified of her obligation to respond to the Motion by October 1, 2021 (ECF No. 23), but has failed to do so.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction

1

must be affirmatively pleaded by the person seeking to show it.  *Bingham v. Cabot,* 3 U.S. 382 (1798).  The burden of proof is on the party asserting jurisdiction if it is challenged.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

XPO Logistics, Inc., has challenged this Court's subject matter jurisdiction, which places the burden to show jurisdiction on the Plaintiff.  As XPO notes, the most common bases of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 for cases arising under federal law and diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Upon examination, the Complaint does not plead any action arising under federal law, so § 1331 is unavailable.  As to § 1332, Plaintiff has sued a number of defendants who are residents of Ohio, making diversity incomplete.  However, the law requires complete diversity.  *Lincoln Prop. v. Roche,* 546 U.S. 81, 89 (2005); *Carden v. Arkoma Assocs*., 494 U.S. 185, 187 (1992); *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that XPO Logistics, Inc.'s, Motion to Dismiss be GRANTED and the Complaint be dismissed as to XPO without prejudice for lack of subject matter jurisdiction.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 8, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.