IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DASHALAHN BROWN,

                Plaintiff,    :    Case No. 3:21-cv-190

                                            District Judge Thomas M. Rose
- vs -                                      Magistrate Judge Michael R. Merz

WRIGHT PATTERSON AIR FORCE
BASE SENSORS DIRECTORATE
AFRE/RY, *et al.,*

                Defendants.    :

## REPORT AND RECOMMENDATIONS

This case, brought *pro se* by Plaintiff Dashalahn Brown, is before the Court *sua sponte* for reconsideration of the permission granted to Plaintiff to proceed *in forma pauperis*.

Plaintiff filed this case July 15, 2021, and sought permission to proceed *in forma pauperis* (ECF No. 1). The case was therefore subject to review under 28 U.S.C. § 1915(e)(2). United States Magistrate Judge Peter B. Silvain, Jr., having conducted that review, concluded "that dismissal under 28 U.S.C. § 1915 is not warranted at this stage of the litigation" and allowed Plaintiff to proceed *in forma pauperis* and to have process served by the United States Marshal at the expense of the Unit4ed States (Order, ECF No. 3, PageID 166).

Thereafter Plaintiff requested the issuance of Summons to thirty-five individuals, none of whom are named as parties in the case and Judge Silvain denied the issuance of that process (ECF No. 7). Undeterred, Plaintiff again requested issuance of process to be served on numerous other persons

1

who are not parties to the case which Judge Silvain also denied (ECF Nos. 8, 10). Still undeterred, Plaintiff filed seven more requests for issuance of process, again all to persons who are not parties to the case (ECF Nos. 11, 12, 14, 17, 18, 19, and 20). To help balance the Magistrate Judge workload in the District, the reference in the case was transferred to the undersigned on September 21, 2021 (ECF No. 21), the outstanding Requests for Summons were denied (ECF No. 22), and the Clerk ordered not to docket further requests without court permission. *Id.*

When the case was transferred, the Magistrate Judge noted that XPO Logistics, Inc., had filed a Motion to Dismiss (ECF No. 13) and notified Plaintiff of her obligation to respond by (ECF No. 23). Plaintiff has not opposed that Motion and the Magistrate Judge has recommended it be granted (ECF No. 24). In reviewing the Complaint in deciding the Motion to Dismiss, the Magistrate Judge concluded the Complaint does not state a claim for relief against XPO, but the Complaint's lack of substance leads to the further conclusion that the Complaint does not state a claim for relief against any of the named Defendants.

The Complaint alleges Wright-Patterson Air Force Base is using an inactive security clearance of the Plaintiff to slander her name and perform systematic discrimination against her (ECF No. 1, PageID 6). This is the most concrete allegation in the Complaint. Beyond that she asserts Defendants Martin "desire money." *Id.* She claims some unidentified parties have filed papers of a mental health nature against her in some other court. *Id.* She states her goal in the case is to find out who filed the order [for a conservatorship or mental health order], have the order terminated, and file a lawsuit." Without knowing what the order is or in what court it is on file, this Court cannot determine whether it has jurisdiction over the appropriate parties. In any event this Court would probably be required by the doctrine of abstention to abstain from interfering with state court process.

In any event in the current state of affairs, the Clerk has issued and the United States Marshal reports serving process on a number of named Defendants against whom the Complaint does not state a claim for relief and/or for matters over which this Court does not have subject matter jurisdiction.

At this stage of the litigation, the Court cannot say that it is proper to allow Plaintiff to proceed *in forma pauperis* any further in this litigation.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), it is respectfully recommended that this case be dismissed without prejudice for failure to state a claim upon which relief can be granted and for lack of federal jurisdiction.

October 11, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #